# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Teang Liu, | No. CV-25-04532-PHX-DWL (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Luis Rosa, Jr., et al., | |
| Respondents. | |

Petitioner Teang Liu filed a Petition for Writ of Habeas Corpus Under § 2241. (Doc. 1). The Court will require Respondents to file an answer to the Petition on an expedited basis.

In his Petition, Petitioner names Florence Correctional Center Warden Luis Rosa, Jr.; United States Department of Homeland Security Secretary Kristi Noem; United States Immigration and Customs Enforcement ("ICE") Acting Director Todd Lyons; Attorney General Pamela Bondi; and ICE Acting Phoenix Field Office Director Christopher McGregor as Respondents.

As alleged in the Petition, Petitioner is a native and citizen of China who "entered the United States on or about August 12, 2012, on an F-1 student visa." (Doc. 1 ¶ 33.) Petitioner did not maintain his student visa status, and, in 2014, he filed an application for asylum. (*Id.*) Petitioner was placed in removal proceedings, and, on October 6, 2023, Petitioner was ordered removed but the Immigration Judge granted "deferral of removal pursuant to 8 C.F.R. § 1208.17(a), after finding that he had established it was more likely

1 | than not that he would be tortured in China." (*Id.* ¶ 34.) Petitioner's order of removal became final on November 6, 2023, and Petitioner was released on an Order of Supervision ("OSUP") on January 2, 2024. (*Id.* ¶¶ 34, 35.) "On August 26, 2025, Petitioner appeared for a scheduled check-in with ICE, and was detained." (*Id.* ¶ 37.)

Petitioner claims his detention violates 8 U.S.C. § 1231(a)(6) and *Zadvydas v. Davis*, 533 U.S. 678 (2001), and his due process rights because there is no significant likelihood of removal in the reasonably foreseeable future. (Doc. 1 ¶¶ 41-47.) Petitioner further claims he "has a procedural due process right not to be removed to any country to which he has expressed a fear of removal, without an immigration judge first reviewing his fear claim. Respondents' procedures for third-country removal do not allow him the right to go before an immigration judge." (*Id.* ¶¶ 48-49.) Finally, Petitioner argues the revocation of his OSUP "without any explanation of the legal or factual basis for re-detention and without an opportunity to respond to that reasoning violated 8 C.F.R. § 241.4(l)." (*Id.* ¶¶ 50-54.)

The Court will require Respondents to file an answer to the Petition on an expedited basis. If Respondents intend to remove Petitioner to a third country, they must advise the Court at least three business days in advance of the intended removal.

**IT IS THEREFORE ORDERED:**

(1) Counsel for Petitioner must immediately serve the Petition upon Respondents.

(2) If not already issued, the Clerk's Office must issue any properly completed summonses.

(3) The Clerk of Court must also immediately transmit by email a copy of this Order and a copy of the Petition (Doc. 1) to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at theo.nickerson2@usdoj.gov.

. . .

(4) Respondents must respond to the Petition no later than Wednesday December 18, 2025. Petitioner may file a reply no later than Thursday December 19, 2025.

(5) If Respondents intend to remove Petitioner to a third country, they must advise the Court at least three business days in advance of the intended removal.

Dated this 10th day of December, 2025.

Dominic W. Lanza
United States District Judge

- 3 -