IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Teang Liu,<br>           Petitioner,<br>v.<br>Luis Rosa, Jr., et al.,<br>           Respondents. | No. CV-25-04532-PHX-DWL (JZB)<br>**ORDER** |

      On December 8, 2025, Petitioner filed a petition for writ of habeas corpus. (Doc. 1.) In addition to challenging his detention on various grounds (*id.* ¶¶ 41-47, 50-54), Petitioner alleges that he "has a procedural due process right not to be removed to any country to which he has expressed a fear of removal, without an immigration judge first reviewing his fear claim." (*Id.* ¶¶ 48-49.) To that end, the relief sought in the petition includes not only an order releasing Petitioner from custody but also an order "[p]reliminarily and permanently enjoining Respondents from removing Petitioner to China, unless and until his order of Deferral of Removal is terminated, including all appeals" and "[p]reliminarily and permanently enjoining Respondents from removing Petitioner to any other country without first providing him notice and offering him adequate opportunity to apply for protection under the Convention Against Torture as to that country, including immigration judge review." (*Id.* at 12.)

      In a December 10, 2025 order, the Court directed Respondents to respond on an expedited basis. (Doc. 3.) In their response, Respondents "do not oppose Petitioner's

1  request for release at this time" because "[u]ndersigned counsel is unable to ascertain
2  sufficient facts at this time to establish that there is a significant likelihood of removal in
3  the reasonably foreseeable future." (Doc. 8, cleaned up.)  In his reply, Petitioner renews
4  all of the requests for relief set forth in his petition and adds a new request, for an order
5  "that Petitioner not be detained again in the future unless there is significant likelihood of
6  removal in the reasonably foreseeable future, and or a procedurally proper revocation of
7  an Order of Supervision, as set forth in the relevant regulations." (Doc. 9 at 3.)

The Court is prepared to grant the relief that Respondents now concede is warranted—that is, an order compelling Respondents to immediately release Petitioner from custody under appropriate supervision.  With that said, the petition also seeks further relief, in the form of an order barring Petitioner's removal to China or any other country unless certain conditions are met.  The Court is skeptical that it possesses jurisdiction to grant such relief.  *See* 8 U.S.C. § 1252(g).  The Court is also skeptical that it possesses jurisdiction to grant the additional form of relief that is requested in Petitioner's reply brief but not sought in the petition itself (*i.e.*, an order barring future detention unless certain conditions are met) or that this is an appropriate request for relief on the merits.  The Court will therefore direct Petitioner to file a brief addressing whether he believes he remains entitled to any additional relief beyond the relief that Respondents have now conceded is appropriate (and if so, why).  If Petitioner confirms that he is satisfied with Respondents' concession, the Court will grant the petition to the extent it seeks Petitioner's immediate release from custody under appropriate supervision, dismiss the petition to that extent it seeks any other relief, and close this case.

**IT IS THEREFORE ORDERED** Petitioner must file a reply as detailed herein no later than December 22, 2025.

Dated this 20th day of December, 2025.

_____
Dominic W. Lanza
United States District Judge

- 2 -